IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE SAENZPARDO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 10-00049-CG-M |
| | ) |
| UNITED FRAMING CONSTRUCTION | ) |
| COMPANY, INC. and MATTHEW | ) |
| DAVID NERO, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the court on the plaintiff, Steve Saenzpardo's ("Saenzpardo's"), motion to alter or amend summary judgment. (Doc. 113). Saenzpardo has moved the court, pursuant to Federal Rule of Civil Procedure 59(e), to alter, vacate, and/or grant relief from the order of October 21, 2011 (Doc. 112, "the summary judgment order"), which granted summary judgment in favor of defendant, United Framing Construction Company, Inc. ("UFC"). In the alternative, Saenzpardo seeks to have the summary judgment order vacated and requests that the court hold a hearing on spoliation issues and "possible other discovery violations by United." (Doc. 113, p. 1). Also in the alternative, Saenzpardo asks the court to modify the summary judgment order to a final judgment per Federal Rule of Civil Procedure 54(b). Id.

1

## RULE 59(e) STANDARD

Alteration or amendment of "a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985)).  Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Reconsideration of an order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.  Id. (emphasis added).

"Rule 59(e) was not constructed "to give the moving party another 'bite at the apple' …." Mincey, 206 F.3d at 1137 n. 69.  A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

## LEGAL ANALYSIS

Saenzpardo has not alleged any change in the controlling law, therefore the basis for the requested relief is either the need to correct a clear error or to address newly available evidence.

### (1) Clear Error

Saenzpardo argues that (1) the court should have imposed an adverse spoliation inference upon UFC because UFC apparently deleted files from a computer days before the machine was turned over to plaintiff's counsel; (2) material questions of fact remain as to defendant David Nero's ("Nero's") employment status and line and scope of employment, making summary judgment improper; and (3) the court misconstrued the evidence in ruling on summary judgment. See Doc. 113.

Saenzpardo's arguments are simply an attempt to restate the same arguments previously made in his opposition to summary judgment. See Doc. 101. The court addressed each of these issues in detail in the summary judgment order, and will not duplicate its efforts here. As stated above, a motion to alter or amend should not be used to relitigate settled issues. See Michael Linet, Inc., 408 F.3d 757, 763 (11th Cir. 2005); Mincey, 206 F.3d at 1137 n. 69 (citation omitted); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990); see also Sussman, 153 F.R.D. at 694 (stating that "[f]or reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation …").

Accordingly, the court is in no way persuaded by Saenzpardo's motion that its reasoning or conclusions were in error or that the summary judgment order results in manifest injustice.

## (2) New Evidence

Saenzpardo also argues that the summary judgment order should be amended or altered because of new evidence as to UFC's alleged failure to disclose the whereabouts of Nero's supervisor, William Ruthe ("Ruthe"). (Doc. 113, p. 13).

Saenzpardo states that, as part of its initial disclosures in this litigation, UFC disclosed Ruthe as a person with discoverable information. <u>Id.</u> For Ruthe's contact information, UFC listed its own address and telephone number – 103 West Street, Nashville, Georgia. <u>Id.</u> Subsequently, shortly before the January 18, 2011, deposition of UFC president, Ray Garner, plaintiff's counsel conducted an internet search for Ruthe, and located a Facebook page for one "William Ruthe" which contained only a photograph. <u>Id.</u> Plaintiff's counsel printed out and showed the photograph to Garner, who identified it as Ruthe. <u>Id.</u> Garner testified that he had no contact information for Ruthe, other than the 103 West Street address and a Nevada telephone number which turned out not to be Ruthe's. <u>Id.</u> at p. 14-15. Furthermore, Garner testified that he was unable to contact Ruthe and had not heard from him for approximately five months. Doc. 113-5, pp. 4 and 7.

Plaintiff's counsel states that he subsequently searched Facebook for Ruthe from time to time during the course of this litigation. (Doc. 113-2, p. 2). Within the past two weeks (as of October 26, 2011, the date of counsel's affidavit), plaintiff's counsel found that Ruthe's Facebook page had been updated to include contact information at 103 West Street, Nashville, GA. (Doc. 113-2, p. 2). Saenzpardo argues that "the fact that Ruthe is currently holding out the '103 West' address as

an address which can be used to contact him raises substantial questions as to whether Ray Garner has impermissibly concealed the whereabouts of Ruthe from [p]laintiff." (Doc. 113, p. 14). Furthermore, Saenzpardo argues that this development "suggest[s] the secreting away of Ruthe," and "represents a 'manifest injustice'…for which the proper remedy is the vacating of the summary judgment." Id.

The court disagrees with Saenzpardo's characterization of this information as new evidence; and this development certainly does not represent a "manifest injustice" under any understanding of the term. By Saenzpardo's own admission, UFC disclosed early on in the litigation that Ruthe's contact address was 103 West Street, Nashville, Georgia. Id. at p. 13. Garner later testified to this fact at his deposition. (Doc. 113-5, p. 4). In perusing Facebook, plaintiff's counsel discovered cumulative information which merely confirmed UFC's initial disclosure and Garner's deposition testimony. The fact that someone (presumably Ruthe) very recently updated Ruthe's Facebook profile to include the self-same contact information that was in Saenzpardo's possession long before the court issued its summary judgment order – in fact, long before the summary judgment motions were even ripe – does not make this item "new evidence" within the meaning of Rule 59(e), because the information was available to Saenzpardo previously. See Wright, Miller, & Kane, Federal Practice and Procedure, Civil 2d §2810.1, fn. 22.

# RULE 54(b) STANDARD

Under Fed.R.Civ.P. 54(b), "[w]hen an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b).

In cases involving multiple parties or multiple claims, an order adjudicating fewer than all parties or claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed. R. Civ. P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-85 (11th Cir. 1984); Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).

A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Fed.R.Civ.P. 54(b). Lloyd Noland Foundation, Inc., 483 F.3d at 777,78. "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.' Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). That is, the court's decision must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,' and a ' 'judgment' in the sense that it is a decision upon a cognizable claim for relief.' Id. (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Second, having found that the decision was a final judgment, the district court must determine that there is no 'just reason for delay' in certifying it as final and immediately appealable. Id. at 8. This inquiry is required because '[n]ot all final judgments on individual claims should be

immediately appealable.' Id.  The district court must act as a 'dispatcher' and exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests' – including 'the historic federal policy against piecemeal appeals' – and 'the equities involved.' Id. (quoting Sears, Roebuck & Co., 351 U.S. at 438)." Lloyd Nold Foundation, Inc., 483 F.3d at 777-78.  The first prong has been interpreted as requiring "that a judgment 'disposes entirely of a separable claim or dismisses a party entirely' in order to be considered 'final.' " Id. at 779 (quoting In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995).

As stated, supra, Saenzpardo seeks to appeal the summary judgment order, which granted UFC's motion for summary judgment as to all of Saenzpardo's claims against UFC.  (Doc. 112).  However, taking into consideration the analysis set forth in the cases cited above, the court sees no just reason to certify the dismissed claims in this case.

A trial on the claims against Nero is scheduled for December 2011 – slightly more than a month from the date of this order.  A jury verdict in favor of either party could result in a second appeal.  If the court does not certify its decision as final, the entire case can be appealed at one time, at the conclusion of trial.  The court finds that a delay of slightly more than a month is not unreasonable under the circumstances, when the delay will allow for all parties to proceed on appeal rather than in a piecemeal fashion.  Alternatively, to grant Saenzpardo's Rule 54(b) request would be to delay trial of the unadjudicated matters until the conclusion of

the appeal.  Accordingly, the court concludes that the equities involved do not justify entry of a final judgment at this time.

## **CONCLUSION**

For the reasons stated above, the court finds that plaintiff's motion to alter or amend summary judgment pursuant to Rule 59(e) (Doc 113), is **DENIED**, as are his requests to have the summary judgment order vacated, to hold a hearing on spoliation and discovery issues, and to modify the summary judgment order to a final judgment per Federal Rule of Civil Procedure 54(b).  Furthermore, Saenzpardo's and defendant Matthew Nero's joint motion to stay proceedings (Doc. 114) is **DENIED** as **MOOT**.

**DONE and ORDERED** this 31st day of October, 2011.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE