# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVE SAENZPARDO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MATTHEW DAVID NERO, )<br>)<br>Defendant. ) | Civil Action No. 10-0049-CG-M |

## ORDER

The above-styled action came on for trial by jury on November 29 and 30, 2011, before United States District Judge Callie V. S. Granade. The jury was selected and sworn by Judge Granade on November 29, 2011.

After jury selection on November 29, 2011, the court held an in-camera hearing with counsel, at which the court made the following rulings for the reasons as set forth on the record:

1) Plaintiff's motion in limine No. 1 regarding Baptist Hospital urine toxicology screen (Doc. 123) was **DENIED**.

2) Plaintiff's motion in limine No. 2 regarding Baptist Hospital neuropsychology records (Doc. 124) was deemed to be **MOOT**.

3) Plaintiff's motion in limine No. 3 regarding evidence of past emotional or behavioral conditions (Doc. 125) was deemed to be **MOOT**.

4) Plaintiff's motion in limine No. 4 regarding inquiry into drug and/or alcohol use (Doc. 126) was **DENIED**.

5) Plaintiff's motion in limine No. 5 regarding evidence of Saenzpardo's place of residence (Doc. 127) was deemed to be **MOOT**.

6) Plaintiff's motion in limine No. 6 regarding evidence of defendant's military service (Doc. 128) was deemed to be **MOOT**.

7) Plaintiff's motion in limine No. 7 regarding certain deposition excerpts designated for trial (Doc. 129) was deemed to be **MOOT**.

8) Defendant's motion in limine No. 1 regarding blood alcohol level (Doc. 120) was **DENIED**.

9) Defendant's motion in limine No. 2 regarding leaving the scene of the accident, (Doc. 121) was **DENIED**.

10) Defendant's motion in limine No. 3 regarding driving record (Doc. 122) was **DENIED**.

11) Defendant's motion in limine No. 4 regarding certain portions of proposed deposition testimony (Doc. 130) was deemed to be **MOOT**.

The jury was then duly sworn, and trial commenced. Plaintiff presented his case-in-chief and rested. At the close of the plaintiff's case the defendant's motion for judgment as a matter of law (Doc. 145) was **GRANTED** as to the plaintiff's claim for recklessness, and **DENIED** as to plaintiff's claim for negligence and for wantonness for the reasons as set forth on the record.

On November 30, 2011, the defendant rested without presenting evidence. At the close of all of the evidence defendant's motion for judgment as a matter of law (Doc. 146) was **GRANTED** as to plaintiff's claim for wantonness on stipulation of the parties, and **DENIED** as to plaintiff's claim for negligence for the reasons as

set forth on the record.  The court then held a charge conference with counsel, the respective parties presented their closing arguments to the jury, the court charged the jury on the applicable law, and the jury commenced their deliberations.

Now, on the 30th day of November 2011, comes the jury who having heard the evidence, the arguments of counsel, the charge of the court and having considered the same upon their oaths, return their verdict (a copy of which is attached hereto) into open court with counsel present.

Post trial motions are to be filed **no later than December 16, 2011**.  Any response to said motions are to be filed **no later than December 23, 2011**.

By separate document, the court will enter judgment in accordance the verdict of the jury.

**DONE and ORDERED** this 2nd day of December, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE