UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVE SAENZPARDO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 10--0049-CG-M |
| | ) |
| MATTHEW DAVID NERO, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the court on the plaintiff's motion for a new trial (Doc. 157) and defendant's response. (Doc. 158) The court finds that the jury's verdict is neither inconsistent nor against the great weight of the evidence. Therefore, the plaintiff's motion for a new trial is due to be **DENIED**.

## FACTUAL BACKGROUND

This case involves a motor vehicle accident that occurred in the early morning hours of June 2, 2008. A vehicle owned and driven by the defendant, Matthew Nero ("Nero"), struck and injured the plaintiff, Steve Saenzpardo ("Saenzpardo"), while Saenzpardo was walking along Alabama Highway 59. (Doc. 101, p 1). Saenzpardo brought a complaint against Nero, claiming negligence and wantonness, (Doc. 1, pp. 4-5), and a trial was held on November 29 and 30, 2011. At the close of Saenzpardo's case, Nero filed a motion for judgment as a matter of law (Doc. 145). Later, at the close of all of the evidence, the court granted Nero's motion

1

as to the recklessness claim by stipulation of the parties but denied Nero's motion as to the negligence claim. See Doc. 151, p. 2. The jury then returned a general verdict in favor of Nero.

## STATEMENT OF THE LAW

Saenzpardo's motion is brought pursuant to Rule 59(a), which provides, in the context of jury trials, that "[a] new trial may be granted to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a)(1). District courts are entrusted with broad discretion in determining whether a new trial is warranted in a particular case. See, e.g., Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc., 915 F.2d 641, 644 (11th Cir. 1990). However, the remedy of granting a motion for new trial "is sparingly used." Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 375 (1st Cir. 2004) (citation omitted). The Eleventh Circuit has specifically instructed district courts that a motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.... Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great -- not merely the greater -- weight of the evidence." Lipphardt v. Durango Steakhouse of Brandon,

Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotations and citations omitted); Hewitt v. B .F. Goodrich Co., 732 F.2d 1554, 1559 (11th Cir. 1984) ("The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow," and is limited to "protect[ing] against manifest injustice in the jury's verdict."); Pozzi Window Co. v. Auto-Owners Ins. Co., 429 F.Supp.2d 1311, 1323 (S.D.Fla. 2004) ("A trial judge may grant a motion for new trial if the jury verdict is contrary to the great weight of the evidence"; however, he may not "simply substitute his judgment for that of the jury.")

## LEGAL ANALYSIS

Saenzpardo argues that the evidence at trial showed Nero to be negligent through inattention, and points to the testimony of Joseph Key for support. (Doc. 157, p. 3). Key, a garbage truck driver who witnessed the accident, testified that he could see Saenzpardo from a half-mile away while Nero, who was approximately 300 feet ahead and closer to Saenzpardo, testified that he did not see any pedestrians until it was too late to apply his brakes. Id. at pp. 4-5. Key further testified that Saenzpardo was not walking in the road and that Nero was driving his truck "right on the [yellow] line." Id. at 6.

Saenzpardo argues that in light of this testimony, the jury's verdict was "clearly against the weight of the evidence." Id. at 7. However, the jury also heard Key testify that his garbage truck sits higher up, giving him a vantage point "where [he] can see just about anything," which could have led a reasonable juror to

3

conclude that Key had a better view of the road than Nero did. (Doc. 158, p. 4). Key also testified that Nero was driving in a straight line within his lane, appeared to be paying attention to the road, was not weaving, did not appear to be driving in an erratic or reckless manner, and did not appear to be driving faster than the posted speed limit. Id. at pp. 3-4. Saenzpardo ignores Key's testimony that the shoulder of the road upon which Saenzpardo was walking became narrower as it neared the bridge, and that, while a "good sized fellow" could fit in the shoulder of the road where it met the bridge, he considered it to be a dangerous place to cross. Id. at pp. 5-6. Far from being contrary to the great weight of evidence presented at trial, the court finds that the jury's verdict comports with Key's testimony.

   For this same reason, Saenzpardo's reliance on Kaufman v. Atlantic Greyhound Corp., 41 F.Supp. 252 (D.W.Va. 1941), is misplaced. In Kaufman, the court concluded that the plaintiff's version of events was contradicted by the testimony of other witnesses and by the physical evidence, and the district court ultimately reversed the jury's verdict in favor of the plaintiff and granted a new trial. Id. As explained in more detail above, Key's testimony simply does not contradict Nero's testimony, nor differ to the degree characterized by Saenzpardo. While the two men did not give identical versions of the accident, what divergence in their testimony does exist is not comparable to that described in Kaufman.

   Saenzpardo also argues that Nero's trial testimony should be given little weight because it conflicted with his deposition testimony. (Doc. 157, p. 7). At his deposition, Nero testified that the radio in his vehicle was on as he drove on

Highway 59, yet at trial, he testified that he could not remember whether the radio was on or not. (Doc. 157-3, pp. 3-5). Even if the court were to discount Nero's trial testimony and presume for the sake of argument that Nero was listening to loud music while driving, such a fact, by itself, does not tend to prove negligence and does not conflict with the jury's verdict. Saenzpardo has not pointed to any fact in evidence or to any case which supports the notion that merely playing one's car radio at a high volume while driving is proof of negligence. Furthermore, Saenzpardo has not alleged, nor is there is any testimony or other evidence which suggests, that Nero was looking at the radio or fiddling with the controls when he struck Saenzpardo.

      Saenzpardo also argues that Nero's trial testimony conflicted with his deposition testimony on the subject of his cell phone. (Doc. 157, p. 9). Specifically, Saenzpardo points to the fact that at trial, Nero claimed that he left his cell phone at home, but at his deposition, Nero said that he thought he may have lost his phone at the beach. Id. Even if the court were to discount Nero's testimony entirely, Saenzpardo offered no evidence which remotely suggests that Nero's cell phone was in his vehicle when he struck Saenzpardo, much less that he was distracted by it or using it at the time.

## CONCLUSION

      For the reasons enumerated above, the court finds that the jury's verdict was not against the great weight of the evidence produced at trial. Neither testimony of

5

Joseph Key nor the factual presumptions which would accrue from disregarding Nero's testimony necessitate a finding that Nero was negligent.  The court thus declines Saenzpardo's invitation to substitute its own judgment for that of the jury.  Accordingly, Saenzpardo's motion for a new trial (Doc. 157) is hereby **DENIED**.

    **DONE** and **ORDERED** this 18th day of January 2012.

                                          /s/  Callie V. S. Granade
                                          UNITED STATES DISTRICT JUDGE